UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GEORGE C., <br>     Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:22-CV-34-JVB <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Plaintiff George C. seeks judicial review of the Social Security Commissioner's decision denying his applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's April 1, 2020 applications for benefits, he alleged that he became disabled on December 13, 2019. The Administrative Law Judge (ALJ) issued an unfavorable decision on September 24, 2021, and found that Plaintiff suffered from the severe impairments of asthma, degenerative joint disease of the knee, diabetes, obesity, and vertigo. (AR 34). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had the residual functional capacity to perform light work with the following modifications:

> [T]he claimant is unable to climb ladders, ropes, or scaffolds or balance as the term is defined in the SCO, may occasionally climb ramps and stairs, stoop, kneel, crouch and crawl and must avoid all exposure to hazards such as unprotected heights or dangerous machinery with moving mechanical parts, operating a motor vehicle as a part of work-related duties and working in environments that have wet

or slippery walking surfaces or dangerous or uneven terrain and concentrated exposure to pulmonary irritants such as dust, odors or fumes.

(AR 35). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform past relevant work but was able to perform the representative occupations of cashier, housekeeping cleaner, and sales attendant. (AR 40-41). Accordingly, the ALJ found Plaintiff to be not disabled from December 13, 2019, through September 24, 2021, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

2

**ANALYSIS**

Plaintiff asserts that the ALJ erred because he failed to build an accurate and logical bridge from the evidence to his conclusions and because he failed to adequately explain how certain evidence of "normal" findings outweigh evidence that undermines the ALJ's conclusions. As Plaintiff correctly identifies, the ALJ's evaluation of the medical opinion of Dr. Gupta[1] demonstrates these errors and requires remand.

When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c, 416.920c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Consultative examiners are agency doctors and are unlikely to exaggerate an applicant's disability. *Garcia v. Colvin*, 741 F.3d 758, 761-62 (7th Cir. 2013) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). "As a general rule, an ALJ is not required to credit the agency's examining physician in the face of . . . compelling evidence. . . . But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014); *see also* 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v) ("A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in

---

[1] The parties refer to the consultative examining physician as Dr. Gupta, and the transcript index also reports Dr. Gupta as the examiner, so the Court follows suit, though the Court notes that the examination report was signed by a Dr. O. Villareal, *see* (AR 454), and the Range of Motion Report Form was signed by Dr. Gupta, *see* (AR 457).

your folder."). An ALJ should not rely on his own interpretation of exam findings instead of a doctor's professional judgment. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016).

Here, the reasoning behind the ALJ's decision to find the consulting examiner's opinion unpersuasive appears to be that the ALJ trusted his own lay opinion of the medical evidence more than the professional opinion of Dr. Gupta, who examined Plaintiff on behalf of the agency.

Plaintiff reported at his consultative examination that he has very sharp pain with any movement of his legs or knees, causing his legs to throb. (AR 451). He also has lower back pain that radiates down to both feet. *Id.* He reported falling due to his legs buckling. *Id.* Regarding his vertigo, Plaintiff reported intermittent symptoms that, over the previous 3 months, included 8 or 9 episodes where his dizziness was so severe that he had to crawl to get anywhere. *Id.* During the examination, Dr. Gupta noted spinous and paraspinal tenderness in Plaintiff's lumbar region, wide-based and slow gait due to obesity (BMI of 56.6), and inability to stoop, squat, or walk heel to toe and tandemly. (AR 452-53). Plaintiff could stand from a sitting position "with difficulty." (AR 453). Dr. Gupta reported Plaintiff's medical history of arthritis in his legs and knees, asthma, type 2 diabetes, vertigo, and sleep apnea. (AR 454). Ultimately, Dr. Gupta opined that Plaintiff is unable to do the work-related activities of sitting, standing, walking, or lifting due to his obesity but is able to carry and handle small objects. (AR 453).

The ALJ held that Dr. Gupta's opinion is not persuasive because it is neither supported by nor consistent with the record, including Dr. Gupta's examination. (AR 38). The ALJ wrote, "[o]ther than being unable to stoop, squat[,] or walk heal to toe or tandemly, the consultative examination was unremarkable. . . . This is inconsistent with a finding that the claimant is completely unable to sit, stand, walk[,] or lift objects." *Id.*

The ALJ has not provided the anticipated good reason for his unusual step of rejecting Dr. Gupta's opinion, and the ALJ seems to have credited his own lay interpretation of the examination report over that of Dr. Gupta, who both performed the examination and has medical training. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[L]ay intuitions about medical phenomena are often wrong."). In context, the inference is clear that, in addition to the examination results, Dr. Gupta credited Plaintiff's statements regarding pain, falls due to his legs buckling, and vertigo episodes that render Plaintiff only able to crawl to move around. Though the ALJ found to the contrary, these statements support and are consistent with Dr. Gupta's opinion, as Plaintiff could reasonably not be able to sit, stand, or walk at the level required for work-related activity if Plaintiff experiences these symptoms as described and has the gait issues as documented by Dr. Gupta in his examination report. Dr. Gupta's examination is only "unremarkable"—as the ALJ deemed it—if one disregards the abnormal findings in the examination that support the very limitations to which Dr. Gupta opined.

In short, the Court sees no "good explanation" for rejecting the opinion of Dr. Gupta, who examined Plaintiff at the agency's request. *See Beardsley*, 758 F.3d at 839. Because the Court cannot discern a logical bridge from the evidence (including Dr. Gupta's examination report) to the ALJ's conclusion (Dr. Gupta's opinion, as stated in the report, is unpersuasive), the Court remands this matter to the agency for further administrative proceedings. In the interest of judicial economy, the Court declines to analyze Plaintiff's additional arguments.

## CONCLUSION

In light of the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of the Request for Review [DE 10], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on March 2, 2023.

                                                   s/ Joseph S. Van Bokkelen
                                                   JOSEPH S. VAN BOKKELEN, JUDGE
                                                   UNITED STATES DISTRICT COURT